UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONTREL MARQUIS BIRGE,

        Petitioner,               Case No. 1:14-cv-439

v.                                          Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Dontrel Marquis Birge is a state prisoner incarcerated at the Earnest C. Brooks Correctional Facility. On June 3, 2010, he pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and on August 18, 2010, he was sentenced to a prison term of 24 to 45 years. Petitioner apparently filed a motion to set aside his guilty plea, which was denied on March 8, 2011.

Petitioner then appealed the judgment of conviction and sentence to the Michigan Court of Appeals, claiming that there was "no factual foundation laid as part of the plea proceedings." (Pet., docket #1, Page ID#2.) The court of appeals denied leave to appeal on May 13, 2011, for lack of merit in the grounds presented. Petitioner then sought further review by the Michigan Supreme Court, which denied leave to appeal on September 26, 2011, because it was not persuaded that the questions presented should be reviewed by that court.

Petitioner filed a motion for relief from judgment in the circuit court under subchapter 6.500 of the Michigan Court Rules, claiming that his counsel misinformed him of the possible sentence he could receive. The circuit court denied the motion on March 2, 2012. Petitioner appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on November 8, 2012, and May 28, 2013, respectively. Petitioner filed the instant action on or about April 16, 2014,[1] raising the following claims:

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 16, 2014, and it was received by the Court on April 21, 2014. Thus, it must have been handed to prison officials for mailing sometime between April 16 and 21. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

    I.      THE PLEA TO SECOND DEGREE MURDER MUST BE SET ASIDE, FOR THE REASON THERE WAS NO FACTUAL FOUNDATION LAID AS PART OF THE PLEA PROCEEDINGS.

    II.     [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE COUNSEL WHEN TRIAL COUNSEL FAILED TO INFORM [PETITIONER] OF THE CORRECT SENTENCING GUIDELINES PRIOR TO HIS ACCEPTING A PLEA BARGAIN.

    III.    [PETITIONER] WAS DENIED HIS RIGHT TO EFFECTIVE APPELLATE COUNSEL WHEN HIS APPELLATE COUNSEL FAILED TO RAISE THE ABOVE ISSUE ON DIRECT APPEAL.

(Pet., docket #1, Page ID##5, 7, 8.)

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, he appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, and the Michigan Supreme Court denied his appeal on September 26, 2011. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The period for seeking review expired on Tuesday, December 27, 2011.[2] Thus, absent tolling, Petitioner had one year from that date to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes). A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Petitioner filed his motion for relief from judgment in state court on

---

[2]The ninety-day period expired on December 25, 2011, but that date fell on a Sunday, and the following day, December 26, 2011, was a federal holiday. Thus, the deadline for seeking review was Tuesday, December 27, 2011.

February 27, 2012,³ when there were approximately 304 days remaining in the statute of limitations period. Thus, the statute of limitations was tolled on February 27, 2012, and did not start to run again until after May 28, 2013, when the Michigan Supreme Court decided his appeal from the denial of his motion. Consequently, with the benefit of statutory tolling, Petitioner had until March 28, 2014, to file his application for habeas corpus relief. He filed on or about April 16, 2014, approximately 19 days after the statute of limitations expired.

In addition to statutory tolling, the one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

³Petitioner does not identify the filing date in his petition. The Court obtained the filing date from the register of action for his case, which is available on the Ingham County Court's website. Petitioner does make reference to a filing date in an attachment to the petition. On appeal from the denial of the motion for relief from judgment, Petitioner asserted that his motion was filed on February 14, 2012 (*see* Mot. to Conduct an Evidentiary Hr'g, docket #1-1, Page ID#25), but Petitioner was likely referring to the date that he signed and/or mailed his motion to the court. The motion itself, which is attached to the petition, indicates that it was signed on February 14, 2012. (*See* Mot. for Relief from J., docket #1-1, Page ID#55; *see also* Br. in Support of Mot. for Relief from J., docket #1-1, Page ID#67.) Assuming that Petitioner signed and then mailed his motion to the state court, the court could not have received it for filing that same day. (Michigan Court Rules do not deem a motion for relief from judgment to be filed on the date that it is mailed by a prisoner.) In any event, even if the Court were to accept February 14, 2012, as the relevant filing date, Petitioner's action would still be untimely by at least six days.

circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner proffers no evidence of his innocence, let alone evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Thus, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition, therefore, is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: June 9, 2014                                /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).