UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

DONTREL MARQUIS BIRGE,

      Petitioner,                                  Case No.  1:14-CV-439

v.                                                      HON. ROBERT J. JONKER

MARY BERGHUIS,

      Respondent,
_____/

**ORDER**
**APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on June 9, 2014.  Petitioner filed his objections to the Report and Recommendation (docket # 5) on June 23, 2014.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified. 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.  After its review, the Court finds

that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

## I.  Birge's Objections

The Report and Recommendation carefully examines each of three separate claims Petitioner makes against the defendant, and finds that they are all barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). The record shows that the one year limitations period began to run on December 27, 2011.  The period was tolled on February 27, 2012 when petitioner sought relief from judgment in state court, and began to run again on May 28, 2013 when the Michigan Supreme Court denied his appeal.  Thus Petitioner had until March 28, 2014 to file the instant petition.  The petition however, was filed April 16, 2014, more than two weeks after the statute of limitations had run.  Petitioner, in his objection, alleges that the Magistrate Judge was in error in concluding Petitioner was not entitled to equitable tolling because of his alleged reliance on assertions made by employees of the legal writers program at his place of incarceration.  The Court is not persuaded by Petitioner's objections.  Every court-appointed counsel is paid with state or federal money too, but their mistakes would not provide a basis for relief in the instant case.  Bad advice – from a lawyer, a prisoner, a legal writing program, or anyone else is not a basis for equitable tolling. There is no other alleged basis for tolling in this case.

## II.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right."  *Id.*  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Birge's claims under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Birge's claims was debatable or wrong.  Thus, the Court will deny Birge a certificate of appealability.

        **ACCORDINGLY, IT IS ORDERED** that Birge's objections (doc. #5) are overruled.

        **IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. #4) is approved and adopted as the opinion of the Court.

        A separate judgment will issue.

        **IT IS SO ORDERED**.


Dated:  August 21, 2014                                            /s/ Robert J. Jonker
                                                                     ROBERT J. JONKER
                                                          UNITED STATES DISTRICT JUDGE